UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HONG WANG,

                         **Plaintiff,**

          v.                                    1:18-CV-350 (FJS/DJS)

PRECISION EXTRUSION, INC. and
PEXCO, LLC,

                         **Defendants.**

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**<br>190 Willis Avenue<br>Mineola, New York 11501<br>Attorneys for Plaintiff | ASISH NELLUVELY, ESQ. |
| **FITZGERALD MORRIS BAKER FIRTH, P.C.**<br>68 Warrant Street<br>Glens Falls, New York 12801<br>Attorneys for Plaintiff | JOHN D. ASPLAND, ESQ. |
| **BARCLAY DAMON LLP**<br>80 State Street<br>Albany, New York 12207<br>Attorneys for Defendants | BRIENNA L. CHRISTIANO, ESQ. |
| **MONACO COOPER LAMME & CARR, PLLC**<br>1881 Western Avenue, suite 200<br>Albany, New York 12203<br>Attorneys for Defendants | ADAM H. COOPER, ESQ. |
| **NELSON MULLINS**<br>201 17TH Street NW<br>Suite 1700<br>Atlanta, Georgia 30363<br>Attorneys for Defendants | GREGORY MICHAEL O'NEIL, ESQ. |

**MARTIN, HARDING & MAZZOTTI, LLP**
1 Wall Street
Albany, New York 12205
Attorneys for Defendants

**MATTHEW J. DILLON, ESQ.**

**BESTPASS, INC.**
500 New Karner Road, Suite 5
Albany, New York 12205
Attorneys for Defendants

**WILLIAM J. DECAIRE, ESQ.**

**SCULLIN, Senior Judge**

## ORDER

Plaintiff filed her complaint against Defendants on March 20, 2018. *See* Dkt. No. 1. In a Memorandum-Decision and Order dated June 26, 2018, this Court, among other things, dismissed Plaintiff's Fourth, Sixth, Eighth, Tenth, Twelfth, and Fourteenth Causes of Action, all of which were based on alleged violations of New York Executive Law and found that, because Plaintiff's First, Second, Third, Fifth, Seventh, Ninth, Eleventh, Thirteenth, and Fifteenth Causes of Action were subject to mandatory arbitration pursuant to Section 17 of Plaintiff's Employment agreement, those claims must proceed through arbitration. *See generally* Dkt. No. 31.

Defendants now petition the Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 (the "FAA") to confirm an Arbitration Award and Decision dated April 24, 2020, in which the Arbitrator dismissed all claims of discrimination, hostile work environment and retaliation that Plaintiff Hong Wong had brought against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and 42 U.S.C. § 1981, and ordered relief on other related arbitration claims between the parties as fully described in the Award and Decision. *See* Dkt. No. 43. Plaintiff did not file any papers in opposition to Defendants' motion.

"'[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *New York City Dist. Council of Carpenters Pension Fund v. Par Flooring Co.*, No. 04 Civ. 8486 RJH, 2005 WL 525451, *1 (S.D.N.Y. Mar. 3, 2005) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Pursuant to § 9 of the FAA, "upon timely application by any party, a court *must* grant an order to confirm an arbitration award unless the award is vacated, modified, or corrected as prescribed in §§ 10 and 11 of the FAA." *Id.* (citing *Marsillo v. Geniton*, No. 03 Civ. 2117 (TPG), 2004 WL 1207925, at *4 (S.D.N.Y. June 1, 2004)).

In this case, Defendants petitioned the Court to confirm the arbitration award on April 23, 2021, within one-year of the date of the arbitration award as § 9 of the FAA requires. Furthermore, none of the parties to the award made an application to vacate, modify or correct the Award and Decision and the time do so has expired. *See* 9 U.S.C. § 12. Finally, Plaintiff did not oppose Defendants' motion to confirm the arbitration award within the time she was required to do so. Accordingly, the Court hereby

**ORDERS** that Defendants' motion to confirm the arbitration award in all respects, *see* Dkt. No. 43, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: January 26, 2022
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge